UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHRISTINE KARP,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

No. 2:17-cv-891-KJN

ORDER

Plaintiff Christine Karp seeks judicial review of a final decision by the Commissioner of Social Security ("Commissioner") denying plaintiff's claim for Child Insurance Benefits and Supplemental Security Income under the Social Security Act ("Act").[1] Plaintiff filed a motion for summary judgment, which the Commissioner opposed by filing a cross-motion for summary judgment. (ECF Nos. 16, 17.) No optional reply brief was filed. For the reasons discussed below, the court DENIES plaintiff's motion for summary judgment, GRANTS the Commissioner's cross-motion for summary judgment, and AFFIRMS the Commissioner's final decision.

---

[1] This action was referred to the undersigned pursuant to Local Rule 302(c)(15), and both parties voluntarily consented to proceed before a United States Magistrate Judge for all purposes. (ECF Nos. 8, 20.)

The court reviews the Commissioner's decision to determine whether (1) it is based on proper legal standards pursuant to 42 U.S.C. § 405(g), and (2) substantial evidence in the record as a whole supports it. Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is more than a mere scintilla, but less than a preponderance. Connett v. Barnhart, 340 F.3d 871, 873 (9th Cir. 2003) (citation omitted). It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007), quoting Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005). "The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001) (citation omitted). "The court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation." Tommasetti v. Astrue, 533 F.3d 1035, 1038 (9th Cir. 2008).

Plaintiff sole contention on appeal is that the ALJ erred at step three of the sequential disability analysis[2] by finding that plaintiff did not meet listing 12.05C. That Listing requires, in

---

[2] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program. 42 U.S.C. §§ 401 et seq. Supplemental Security Income is paid to disabled persons with low income. 42 U.S.C. §§ 1382 et seq. Both provisions define disability, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment. . . ." 42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A). A parallel five-step sequential evaluation governs eligibility for benefits under both programs. See 20 C.F.R. §§ 404.1520, 404.1571-76, 416.920 & 416.971-76; Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
>
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
>
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
>
> Step four: Is the claimant capable of performing her past relevant work? If so, the claimant is not disabled. If not, proceed to step five.
>
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

part, a "valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function." 20 C.F.R. Part 404, Subpt. P, App. 1, § 12.05C. As discussed below, the ALJ's step three finding is supported by substantial evidence.

The claimant "bears the burden of proving that ... she has an impairment that meets or equals the criteria of an impairment listed in Appendix 1 of the Commissioner's regulations." Burch v. Barnhart, 400 F.3d 676, 683 (9th Cir. 2005). "For a claimant to show that his impairment matches a listing, it must meet *all* of the specified medical criteria. An impairment that manifests only some of those criteria, no matter how severely, does not qualify...For a claimant to qualify for benefits by showing that his unlisted impairment, or combination of impairments, is 'equivalent' to a listed impairment, he must present medical findings equal in severity to *all* the criteria for the one most similar listed impairment." Sullivan v. Zebley, 493 U.S. 521, 530-31 (1990). Furthermore, "[t]he mere diagnosis of an impairment listed in Appendix 1 is not sufficient to sustain a finding of disability." Key v. Heckler, 754 F.2d 1545, 1549 (9th Cir. 1985). Instead, all of the specified medical criteria must be met or equaled. Id. at 1550.

Plaintiff notes that consultative examining psychologist Dr. Guillermo Herrera assessed plaintiff with a full scale IQ of 65 on July 22, 2015. (AT 481-90.) However, two other examining psychologists assessed significantly higher full scale IQ scores. (See AT 30-32, 509-10 [July 8, 2015 testing by Alta California psychologist Dr. Cynthia Root rendering a full scale IQ score of 75], 528-29, 533 [June 2, 2016 testing by consultative examining psychologist Dr. Carol Chambers rendering a full scale IQ score of 71, but also noting that test results were "considered to be an underrepresentation of claimant's psychological functioning. She did not put forth reasonable effort at certain points of the testing" and further noting that "malingering is

---

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. Bowen, 482 U.S. at 146 n.5. The Commissioner bears the burden if the sequential evaluation process proceeds to step five. Id.

3

presented as a rule out diagnosis"].) It was plainly not unreasonable for the ALJ to question the validity of Dr. Herrera's outlier listing-level full scale IQ score when two other examining psychologists assessed higher full scale IQ scores that were not at listing level.[3]

Plaintiff further argues that the ALJ improperly discounted Dr. Herrera's assessment that plaintiff had a verbal IQ score of 70, especially given that Dr. Root likewise assessed a verbal IQ score of 70. (AT 486, 509.) A verbal IQ score of 70 is the highest score that still technically meets the Listing. However, Dr. Root specifically observed that plaintiff's General Ability Index score of 75 (which was the same as her full scale IQ score of 75) was "the best representation of [plaintiff's] overall intellectual functioning." (AT 510.) Moreover, Dr. Chambers actually assessed a much higher verbal IQ score of 76. On this record, the court cannot say that the ALJ unreasonably or irrationally weighed the conflicting verbal IQ evidence, even if this court may have weighed it differently.

Therefore, the court concludes that the ALJ's assessment at step three was free from prejudicial legal error and supported by substantial evidence in the record as a whole.

////
////
////
////
////
////
////

---

[3] Plaintiff's reliance on Fanning v. Bowen, 827 F.3d 631 (9th Cir. 1987) to suggest that an ALJ must always accept the lowest IQ score in the record is misplaced. In Fanning, the ALJ relied on the lowest IQ score in the record to find that the claimant satisfied the first prong of Listing 12.05C, but then concluded that the claimant did not satisfy the second prong requiring "a physical or other mental impairment imposing an additional and significant work-related limitation of function." Id. at 633. The issue on appeal by the claimant was thus the ALJ's analysis regarding the second prong, and the Ninth Circuit did not actually review the ALJ's analysis as to the first prong, because there was no issue regarding the validity of the lowest IQ score. Id.; see also Diaz v. Astrue, 2012 WL 43622, at *5 (E.D. Cal. Jan. 9, 2012) (noting that Fanning did not address the first prong of Listing 12.05C).

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 16) is DENIED.
2. The Commissioner's cross-motion for summary judgment (ECF No. 17) is GRANTED.
3. The final decision of the Commissioner is AFFIRMED.
4. The Clerk of Court shall close this case.

Dated: July 20, 2018

_Kendall J. Newman_
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE